UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIDE R.,[1]<br>    Plaintiff<br>v.<br>ANDREW M. SAUL, Commissioner of Social Security,[2]<br>    Defendant. | Case No. 5:18-cv-01298-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. PROCEDURAL HISTORY

Plaintiff Aide R. ("Plaintiff") filed a complaint seeking review of the decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits ("DIB"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 11 and 12] and briefs [Dkt. 16 ("Pl. Br."), Dkt. 23 ("Def. Br.")] addressing disputed issues in the case. The matter is now ready for decision. For the reasons discussed below, the Court finds that this

---

[1] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party in this case.

[2] Andrew M. Saul, the Commissioner of Social Security, is substituted as defendant for Nancy A. Berryhill. *See* Fed. R. Civ. P. 25(d).

matter should be remanded.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

Plaintiff filed an application for DIB in April 2014, alleging disability commencing on August 1, 2008. [Dkt. 15, Administrative Record ("AR") 32, 210-11.] Plaintiff's application was denied at the initial level of review and on reconsideration. [AR 32, 92-95, 97-101.] A video hearing was held before Administrative Law Judge Brenton L. Rogozen ("the ALJ") on June 14, 2017. [AR 32, 48-71.]

On July 5, 2017, the ALJ issued an unfavorable decision applying the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520(a)(4). [AR 32-41.] The ALJ determined that Plaintiff meets the insured status requirements for DIB through December 31, 2020. [AR 34.] At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity ("SGA") since the alleged onset date of disability. [AR 34.] At step two, the ALJ determined that Plaintiff has the following severe impairments: diabetes with bilateral peripheral neuropathy, hypertension, degenerative joint disease of the knee, degenerative disc disease of the lumbar spine, and obesity. [AR 34.] The ALJ determined at step three that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in Appendix I of the Regulations, ("the Listings"). [AR 36]; *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1.

Next, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. § 404.1567(b), but is limited to frequent kneeling, crouching, and stooping, and is precluded from climbing ropes, ladders and scaffolds. [AR 37.] At step four, the ALJ determined that Plaintiff is able to perform her past relevant work as a hand packager, as that job was actually performed. [AR 29-30.] Therefore, the ALJ concluded that Plaintiff was not under a disability from her alleged onset date through the date of the decision. [AR 41.]

The Appeals Council denied review of the ALJ's decision on May 4, 2018. [AR 1-3.] This action followed.

Plaintiff raises the following issues challenging the ALJ's findings and determination of non-disability:

1. The ALJ erred in finding that Plaintiff could perform her past relevant work as a hand packager, as actually performed by Plaintiff. [Pl. Br. at 3-6.]
2. The ALJ failed to properly evaluate the consultative examiner's opinion. [Pl. Br. at 6-10.]

The Commissioner asserts that the ALJ's decision should be affirmed, or in the alternative, remanded for further development of the record if the Court finds error in the ALJ's consideration of the record. [Def. Br. at 8-10.]

### III.   GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012) (internal citation omitted). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal citations omitted).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). The Court will not

reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "inconsequential to the ultimate nondisability determination, or if despite the legal error, the agency's path may reasonably be discerned." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal quotation marks and citations omitted).

## IV. DISCUSSION

Plaintiff contends the ALJ erred by finding that she can perform her past relevant work as a hand packager, as actually performed. [Pl. Br. at 3-6.]

At step four of the sequential analysis, the claimant has the burden to prove that she cannot perform her prior relevant work "either as actually performed or as generally performed in the national economy.'" *Carmickle*, 533 F.3d at 1166 (quoting *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002)); *see also Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001). Nevertheless, the ALJ has a duty to make the requisite factual findings to support his conclusion at step four. *See Pinto*, 249 F.3d at 844. This involves comparing the demands of the claimant's former work and her present capacity. *See Villa v. Heckler*, 797 F.2d 794, 798 (9th Cir. 1986); *Pinto*, 249 F.3d at 844-45 (the ALJ should consider the "residual functional capacity and the physical and mental demands" of the claimant's past relevant work."). To find that a claimant has the capacity to perform a past relevant job, the ALJ must make specific findings of fact regarding the following: 1) the claimant's RFC; 2) the physical and mental demands of the past relevant work; and 3) the claimant's RFC permits a return to his or her past work. *See Pinto*, 249 F.3d at 845 (citing Social Security Ruling ("SSR") 82-62).

Here, Plaintiff first argues that the ALJ erred in making the step four determination because he failed to make findings as to Plaintiff's limitations and RFC on a "function-by-function" basis. [Pl. Br. at 4, 6.] This argument lacks merit. In the decision, the ALJ determined that Plaintiff retained the RFC to perform "light

4

work," as defined in 20 C.F.R. § 404.1567(b), except that Plaintiff cannot climb ladders, ropes, and scaffolds and is limited to frequent kneeling, crouching and stooping. [AR 37, 40.] Because the regulation cited by the ALJ, 20 C.F.R. § 404.1567(b), "include[s] well-defined function-by-function parameters" for light work, the ALJ's factual findings as to Plaintiff's limitations were not deficient. *Rodriguez v. Berryhill*, 709 F. App'x 859, 861 (9th Cir. 2017) (citing SSR 96-8p); 20 C.F.R. § 404.1567(b) ("Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, . . ."). In addition, the ALJ noted that the consultative examiner's findings that Plaintiff was limited to lifting and carrying 20 pounds occasionally and 10 pounds frequently was consistent with Plaintiff's RFC for light work. [AR 37, 39-40, 470, 472.] Thus, Plaintiff's claim that the ALJ erred by failing to set forth a function-by-function assessment of Plaintiff's limitations is rejected. *See Rodriguez*, 709 F. App'x at 861; *Buckner-Larkin v. Astrue*, 450 F. App'x 626, 627 (9th Cir. 2011) (ALJ's RFC defined as "sedentary" pursuant to 20 C.F.R. § 404.1567(a) was sufficient, as it "includes well-defined function-by-function parameters").

Next, Plaintiff raises the more persuasive argument that the ALJ erred by failing to make adequate findings regarding the lifting and carrying demands of Plaintiff's prior work. [Pl. Br. at 5-6.] An "ALJ may draw on two sources of information to define the claimant's past relevant work as actually performed: (1) the claimant's own testimony, and (2) a properly completed vocational report." *Lewis*, 281 F.3d at 1083; *Pinto*, 249 F.3d at 845. Plaintiff provided both of these, but offered inconsistent statements regarding how much she lifted and carried in her past work as a hand packager. For example, in her June 2014 work history report description of her packager job, Plaintiff checked a box indicating that the heaviest weight she lifted was 20 pounds. [AR 252.] However, Plaintiff also checked a box

indicating that she frequently had to lift 25 pounds and reported that she had to lift and carry boxes "about 15 feet about every [half] hour." [AR 252.] At her hearing in June 2017, Plaintiff testified that her prior work required lifting 50 pounds and that she lost that job because she was no longer able to lift that amount. [AR 59.]

Given the inconsistent descriptions of the lifting and carrying demands of Plaintiff's packager job, the ALJ engaged in the following exchange with Plaintiff at the hearing:

> ALJ: [Y]ou described that job that you had . . . doing packaging from . . . 1997 to 2008 at the pharmaceutical company, you described it as follows. . . You said you were standing for seven and a half hours a day and sitting for a half an hour. Then they asked you . . . how much did you have to lift and you said the heaviest thing you lifted was 20 pounds and the weight you listed -- lifted most frequently was 25, which, of course, doesn't quite make sense. If the one you lifted the most frequently was 25, how can it be that the heaviest one was 20. But it's somewhere in the order of 20 or so pounds was the most you had to lift. That's what you said back in 2014. Was that correct?
>
> Plaintiff: Yes.

[AR 62.]

At step four, the ALJ found that Plaintiff was capable of performing her past work as a hand packager, as that job was actually performed. [AR at 41.] The ALJ noted in the decision that the vocational expert ("VE") classified Plaintiff's past work as a "hand packager," Dictionary of Occupational Titles ("DOT") number 920.587-018, which is a medium exertion position, but found that Plaintiff actually performed that job at the light level. [AR 41, 63.]

In finding Plaintiff not disabled at step four, the ALJ erred by failing to make the requisite factual findings regarding the physical demands of Plaintiff's past relevant work. Specifically, the ALJ did not clarify how much Plaintiff had to lift

6

and/or carry in her prior hand packer job. *See Pinto*, 249 F.3d at 844-45; SSR 82-62; 20 C.F.R. § 404.1567(b). While Plaintiff agreed with the ALJ's suggestion that the most she had to lift in that job was "somewhere in the order of 20 or so pounds," it is unclear whether she meant that she had to lift a maximum of 20 pounds or that her job required her to lift more than 20 pounds, as indicated in her work history report and testimony. [AR 59, 62, 252.] The ALJ also failed to clarify the amount of weight that Plaintiff was required to lift and/or carry on a frequent basis. In the absence of these factual findings, it cannot be determined whether Plaintiff's RFC for light work would permit her return to her past work as a hand packager. *See Pinto*, 249 F.3d at 844-45; SSR 82-62; 20 C.F.R. § 404.1567(b).

The Commissioner counters that the ALJ properly relied on the VE testimony that Plaintiff performed her past work at the light level and that Plaintiff waived her right to challenge that finding by failing to raise it at the hearing. [Def. Br. at 3 (citing *Meanel v. Apfel*, 172 F.3d 111, 1115 (9th Cir. 1999).] However, the VE's finding that Plaintiff performed her past hand packager work at the light level lacks substantial evidence, given the inconsistencies and ambiguities in the record, as discussed above. [AR 59, 63, 252]; *see Pinto*, 249 F.3d at 845. And, because Plaintiff does not specifically challenge the VE's testimony describing Plaintiff's past work, but instead challenges the ALJ's failure to make the requisite factual findings at step four, the Commissioner's waiver argument is rejected.

Accordingly, the Court finds that the ALJ's decision at step four was not supported by substantial evidence.

## V. CONCLUSION

The Court has discretion to remand or reverse and award benefits. *See Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017). Where no useful purpose would be served by further proceedings and the record has been fully developed, it may be appropriate to exercise this discretion to direct an immediate award of

7

benefits. *See id.* at 682-83.  But where there are outstanding issues that must be resolved before a determination of disability can be made or it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (if "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled," a court must remand for further proceedings).

In this case, there are outstanding issues that must be resolved before a final determination can be made, given the ALJ's failure to make the required factual findings regarding the physical demands of Plaintiff's past work.  Because the record is not fully developed and Plaintiff's entitlement to benefits remains unclear, remand for further administrative proceedings would be useful. *See Garrison*, 759 F.3d at 1020; *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) ("The touchstone for an award of benefits is the existence of a disability, not the agency's legal error."). [3]

**IT IS ORDERED.**

DATED: July 29, 2019

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

---

[3] As this matter is being remanded for further proceedings, the Court declines to reach the remaining issues raised by Plaintiff. [Pl. Br. at 4-10.]  However, the ALJ should consider Plaintiff's additional contentions of error when evaluating the evidence on remand.

8